NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERMILINA MOTINO, et al., : | |
| : | |
| Plaintiffs, : | Civil Action No. 06-370 (SRC) |
| : | |
| v. : | |
| : | OPINION |
| TOYS "R" US, INC., a Delaware : | |
| corporation, MINAYA ENTERPRISES, : | |
| INC. d/b/a ATLANTIS PERSONNEL, : | |
| a New Jersey corporation, et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant Toys "R" Us, Inc. ("TRU"). For the reasons set forth below, Defendant's motion will be granted.

## BACKGROUND

In hearing a motion to dismiss for failure to state a claim, the Court accepts all allegations in the Amended Complaint as true. Plaintiffs Ermilina Motino, Betty Rosales, Carmen Arana, Maria Rodriguez, Mireya Aleman, and Estela Pineda (collectively, "Plaintiffs") allege that they were employed by TRU, and that their employment was terminated so that TRU could replace them with illegal alien workers. Plaintiffs allege that Defendant Minaya Enterprises, Inc. d/b/a Atlantis Personnel ("Minaya") and TRU (collectively, "Defendants") formed a criminal enterprise which engaged in various activities that violated federal immigration laws, for the

purpose of replacing Plaintiffs with illegal alien workers.

## ANALYSIS

I.      **Legal Standards**

    A.      <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See <u>In re Warfarin Sodium</u>, 214 F.3d 395, 397-98 (3d Cir. 2000).

The general rule for pleading a claim is stated in FED. R. CIV. P. 8(a)(2), and requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-1965 (2007). In examining a complaint under Rule 12(b)(6), then, the Court must determine whether it contains "enough factual matter (taken as true)" that the "allegations plausibly suggest[]" that the pleader is entitled to relief. <u>Id.</u> at 1965, 1966.

A pleading's factual allegations are thus evaluated for sufficiency under a "plausibility standard." <u>Id.</u> at 1968. This standard "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence" that the pleader is entitled to relief. Id. at 1965.

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**II.     Defendant's 12(b)(6) motion to dismiss**

Defendant briefed the motion to dismiss the Amended Complaint just prior to the Supreme Court's May 21, 2007 decision in Bell Atl. Corp. v. Twombly, which revised the Rule 12(b)(6) standard for sufficient pleading of facts. Plaintiffs' opposition was filed after the decision. The present decision applies the revised standard, but this change in standard does not affect the outcome, as this Court finds that the Amended Complaint fails to state any valid claims

for relief, independent of and apart from the failure to meet the revised standard.

The Amended Complaint does not meet the <u>Bell Atlantic</u> plausibility standard: the factual allegations, taken as true, are not "enough to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 127 S. Ct. at 1965.  The gist of the story underlying the Amended Complaint is that TRU fired Plaintiffs and replaced them with workers who were illegal aliens, violating immigration laws in the process.

None of the five counts, however, states anything but conclusory assertions about what TRU did to violate immigration laws.  There are <u>no</u> detailed factual allegations.  Count I, for wrongful discharge in violation of public policy, alleges generally that "TRU engaged in widespread and systematic violations of the federal immigration laws," but makes no specific allegations about those violations.  (Am. Compl. ¶ 34.)  Count II, for violation of RICO, makes four general allegations of the form "TRU engaged in two or more acts of . . ." and five general allegations of the form "Minaya engaged in two or more acts of . . ." (Am. Compl. ¶¶ 47(a)-(d), 48(a)-(e).)  Each one of these general allegations involves violations of immigration law, but no factual details of any specific acts are alleged.  Count III, for RICO conspiracy, states that "TRU and Minaya agreed to commit two or more of the acts of racketeering specified above." (Am. Compl. ¶ 60.)  As noted, however, no acts of racketeering have been specifically alleged.  Count IV, for violation of New Jersey RICO, alleges that "each of the Defendant [sic] engaged in at least two incidents of racketeering conduct as set forth above." (Am. Compl. ¶ 70.)  Count V, for civil conspiracy, alleges generally that Defendants "acted in concert to commit unlawful acts." (Am. Compl. ¶ 77.)

The Amended Complaint thus constitutes exactly what the Supreme Court held was

insufficient in Bell Atlantic: a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1965. Because the Amended Complaint contains no factual allegations specifying what Defendants did to violate immigration laws, this Court does not find that the factual allegations are sufficient to plausibly suggest that Plaintiffs are entitled to relief. For this reason alone, the Amended Complaint would be dismissed without prejudice in its entirety. There are, however, additional grounds for dismissal.

The parties characterize Count I as a Pierce claim, so named for the case of Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 72 (N.J. 1980), in which the New Jersey Supreme Court held that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." The parties both argue as if the Amended Complaint alleged a discharge contrary to New Jersey's public policy, but it does not do so. Count I of the Amended Complaint first lists six sections of 8 U.S.C. § 1324, identifying them collectively as the "Immigration Laws," and then states: "TRU's termination of the Plaintiffs was in violation of the public policies embodied in the Immigration Laws." (Am. Compl. ¶¶ 34, 36.) The Amended Complaint thus alleges only a discharge in violation of the public policies embodied in federal law. This is problematic for a Pierce claim, since the New Jersey Supreme Court held, when they created that cause of action, that "unless an employee at will *identifies a specific expression* of public policy, he may be discharged with or without cause. . . . If an employee does not point to a clear expression of public policy, the court can grant a motion to dismiss or for summary judgment." Pierce, 84 N.J. at 72, 73 (emphasis added). The Third Circuit has observed that this requirement presents an important limit to the scope of Pierce. Blum v. Witco Chemical Corp., 829 F.2d 367, 376 (3d Cir. 1987). Federal laws alone cannot

5

suffice as the specific clear expression of state public policy, since they are not, in fact, expressions by any state of its public policy. The Amended Complaint therefore fails to identify a specific clear expression of New Jersey's public policy. Despite the fact that both parties have briefed the matter as if Plaintiffs had alleged a violation of New Jersey's public policies, this Court reads the Amended Complaint as it is written, and it does not state a claim under Pierce.[1] This provides an additional basis to dismiss Count I without prejudice.

Defendant contends that Count II fails to state a valid claim because it fails to plead a RICO "person" that is distinct from the RICO "enterprise." Plaintiffs respond that Defendant has misconstrued the distinctness requirement.

The Supreme Court has explained the distinctness requirement as follows: "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person;' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). In Count II, Plaintiffs allege that TRU and Minaya were "persons," within the meaning of § 1962(c), and also formed an association-in-fact that was an "enterprise," within the meaning of § 1961(4). In Count II, the "enterprise" is the same as the "persons," and is simply given a different name. Under Kushner, Plaintiffs have failed to allege the existence of two distinct entities.

Plaintiffs argue unpersuasively that RICO distinctness as a general matter, and Kushner in particular, require only that "one person cannot be the entire enterprise." (Pls.' Opp. Br. 28 n.5.) This cannot be squared with the plain meaning of the quote from Kushner cited above. The fact that TRU and Minaya are pled as entities distinct from each other is irrelevant to the RICO

---

[1] Thus, this Court does not reach the parties' preemption arguments.

6

requirement that the person be distinct from the enterprise.  Plaintiff has pled a RICO "person" who is not distinct from the RICO "enterprise," and so fails to state a valid claim for relief under Kushner.

Furthermore, Plaintiffs allege that TRU and Minaya formed an enterprise, but plead no specific facts which would plausibly suggest that such an enterprise was in operation.  Again, this is insufficient pleading under Bell Atlantic.  These reasons provide additional bases to dismiss Count II without prejudice.

Count III of the Amended Complaint alleges that TRU and Minaya conspired to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).  Because Plaintiffs have failed to state any valid claim under § 1962(c), their claim under § 1962(d) must fail.  "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."  Lightning Lube v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993).  This provides an additional basis to dismiss Count III without prejudice.

Count IV alleges violations of New Jersey's RICO statute, N.J.S.A. 2C:41-1, by virtue of a criminal enterprise "for the purpose of profiting from a systematic violation of immigration." (Am. Compl. ¶ 68.)  Defendant contends that violations of federal immigration law cannot serve as racketeering activity under the state statute, which excludes them by implication.  In their opposition, Plaintiffs offer no response.

Plaintiffs allege violations of 8 U.S.C. § 1324, which is included in the federal definition of racketeering activity in subsection "(F)" of 18 U.S.C. § 1961(1).  The New Jersey RICO statute defines racketeering activity in N.J.S.A. § 2C:41-1(a) by first enumerating specific kinds

of criminal activity, and last incorporating the federal RICO statute by this reference: "any conduct defined as 'racketeering activity' under Title 18, U.S.C. § 1961(1)(A), (B) and (D)." N.J.S.A. § 2C:41-1(a)(2).  "*Expressio unius est exclusio alterius*."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).  Because the New Jersey statute omits § 1961(1)(F) from the list of subsections included by reference, this Court interprets New Jersey's RICO statute as having excluded violations of 8 U.S.C. § 1324 from its definition of racketeering activity.  Count IV therefore cannot state a valid claim for relief.  Because amendment is futile, Count IV will be dismissed with prejudice.

     Lastly, Defendant contends that Count V should be dismissed because, as a civil conspiracy claim, it relies on an "underlying wrong which, absent the conspiracy, would give a right of action." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 178 (N.J. 2005).  Again, in their opposition, Plaintiffs offer no response.  Because all other claims have been dismissed, Count V now lacks an underlying wrong.  This provides an additional ground for dismissing Count V without prejudice as well.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss the Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED**.  As to Counts I, II, III, and V, the Amended Complaint is dismissed without prejudice.  As to Count IV, the Amended Complaint is dismissed with prejudice.  As to the claims dismissed without prejudice, Plaintiff is granted leave to amend the Amended Complaint within 45 days of the filing of this Opinion.

    s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J.

Dated:  July 19, 2007